IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KIZZANG, LLC and ROBERT ALEXANDER, )<br>)<br>Defendants. ) | Civil Action No. 1:17-cv-00712-JMS-MPB |

## CASE MANAGEMENT PLAN

**I.   Parties and Representatives**

    A.   Plaintiff: National Collegiate Athletic Association.

          Defendants: Kizzang, LLC and Robert Alexander.

    B.   Counsel for Plaintiff:

> Douglas N. Masters
> LOEB & LOEB LLP
> 321 North Clark Street, Suite 2300
> Chicago, Illinois 60654
> Tel: (312) 464-3100
> Fax: (312) 464-3111
> Email:  dmasters@loeb.com
>
> Amie Peele Carter (Atty. No. 19523-29A)
> Daniel E. Pulliam (Atty. No. 29439-49)
> FAEGRE BAKER DANIELS LLP
> 300 North Meridian Street, Suite 2700
> Indianapolis, Indiana  46204
> Tel:  (317) 237-0300
> Fax:  (317) 237-1000
> amie.peecarter@FaegreBD.com
> daniel.pulliam@FaegreBD.com

       Counsel for Defendants Robert Alexander and Defendant Kizzang, LLP:

           James Papakirk
           Hallie Schneider Borellis
           William S. Wyler
           FLAGEL & PAPAKIRK LLC
           50 E Business Way  Suite 410
           Cincinnati, OH 45241
           513 984-8111
           jpapakirk@fp-legal.com
           hborellis@fp-legal.com
           wwyler@fp-legal.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.    Jurisdiction and Statement of Claims

A.    Plaintiff believes this Court has subject matter jurisdiction because this is an action arising under the trademark laws of the United States joined with related state law claims, jurisdiction being conferred by 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a).  Plaintiff contends that this Court has supplemental jurisdiction over all related state and common law claims in accordance with 28 U.S.C. § 1338(b) and 28 U.S.C. §1367.  Defendants dispute jurisdiction.  Defendants contend that, while the Court may have subject matter jurisdiction over Plaintiff's claims, it does not have personal jurisdiction over the Defendants and venue is also improper, all as more fully outlined in Defendants' motion to dismiss Plaintiff's complaint for lack of personal jurisdiction as to both Defendants and failure to state a claim as to Defendant Alexander, or, in the alternative, to transfer venue to the District of Nevada. (Dkt. No. 50).

B.    Defendants' use of the FINAL 3 and APRIL MADNESS marks constitute willful trademark infringement, dilution, and unfair competition and will cause irreparable damage to the NCAA.

C.    Defendant Kizzang, LLC's use of the FINAL 3 and APRIL MADNESS marks does not constitute trademark infringement, dilution, or unfair competition and would not cause irreparable damage to Plaintiff.  Defendant Kizzang, LLC's marks do not cause a likelihood of confusion among consumers and Plaintiff's claims are otherwise barred by waiver, estoppel, and Plaintiff's own claimed marks, among other things.  Moreover, Mr. Alexander is not individually liable under any of Plaintiff's theories.[1]

---

[1] As the Court is aware, Defendants have filed a pre-answer motion that is pending before the Court.  Therefore, Defendants have not yet filed an answer in this matter.  For purposes of this Case Management Plan, Defendants

  D.  Within 14 days after the non-expert discovery deadline, and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b) the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

## III.  Pretrial Pleadings and Disclosures

Except if the Court grants Plaintiff's Request for Default or Defendants' Motion to Dismiss or transfers venue,

  A.  The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before January 15, 2018.

  B.  Plaintiff shall file preliminary witness and exhibit lists on or before February 15, 2018.

  C.  Defendants shall file preliminary witness and exhibit lists on or before March 15, 2018.

  D.  All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or March 25, 2018.

  E.  Plaintiff shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before February 15, 2018. Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the demand.

  F.  Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before June 15, 2018. Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before August 1, 2018; or if Plaintiff has disclosed no experts, Defendants shall make its expert disclosure on or before August 1, 2018.

  G.  If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

---

identify certain defenses and theories but reserve the right to assert any and all available claims, defenses, and theories in their answer and other responsive pleadings.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than 60 days before trial.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before November 17, 2018.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. <u>Discovery of electronically stored information ("ESI")</u>.

Plaintiff does not believe that a substantial volume of ESI will be produced in this case. Likewise, Defendants do not presently anticipate that a substantial volume of ESI will be produced in this case, but will know more once it discovers Plaintiff's methods and means of storage and communication of data.  In either case, the parties agree the following provision shall apply:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

IV.     **Discovery[2] and Dispositive Motions**

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.      Plaintiff filed a request for entry of default (Dkt. No. 30) based on Defendants' failure to file an answer or other responsive pleading by the July 15, 2017, deadline set by the Court (Dkt. No. 28). Defendants filed an opposition to Plaintiff's request on August 10, 2017 (Dkt. No. 36), almost immediately after Defendants current counsel appeared, and reported that to the Court during the August 8, 2017 telephone conference with the Court. The parties are awaiting the Court's ruling on Plaintiff's request.

Defendants also filed a motion to dismiss Plaintiff's complaint for lack of personal jurisdiction as to both Defendants and failure to state a claim as to Defendant Alexander, or, in the alternative, to transfer venue to the District of Nevada. (Dkt. No. 50) The motion will be fully briefed, per stipulation of the parties, on October 20, 2017 (Dkt. No. 56).

The Parties also want to address the issue of the preliminary injunction that is set to expire on December 31, 2017.

Should the Court deny Plaintiff's request for entry of default and Defendants' motion to dismiss or to transfer venue, Plaintiff believes that this case may be appropriate for summary judgment because the actions of Defendants in using the FINAL 3 and APRIL MADNESS marks are undisputed, leaving the Court with questions of law appropriate for summary judgment based on a legal analysis of

---

[2]The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

the marks at issue and any potential expert testimony regarding the marks (i.e., whether there is a reasonable likelihood of confusion between the NCAA's FINAL 4 and Defendants' FINAL 3 marks; and between the NCAA's MARCH MADNESS and Defendants' APRIL MADNESS marks).

Should the Court deny Plaintiff's request for entry of default and Defendants' motion to dismiss or to transfer venue, Defendants believe that the case may still be appropriate for summary judgment because, among other things, Plaintiff cannot establish its claims; in trademark actions, mere use of the marks alone is insufficient; under the applicable factors, there is no "likelihood of confusion" by consumers as to "appearance and suggestion, similarity of the products, and likely care exercised by consumers in selecting the marks; and Mr. Alexander is not personally liable with respect to Plaintiff's claims.

In order to expedite discovery and reduced discovery disputes that could delay the proceedings, an Agreed Protective Order will be prepared and signed by the parties and submitted to the Court for approval by no later than October 31, 2017. Defendants will provide a proposed Protective Order to Plaintiff by October 21, 2107. Select the track that best suits this case:

*Parties' Proposed Track:*

    X    Track 3: Dispositive motions are expected and shall be filed by September 15, 2018; discovery relating to liability issues and expert witness discovery that may be necessary at the dispositive motions state shall be completed by August 15, 2018; all remaining discovery shall be completed by October 15, 2018.

<u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

**V.**    <u>**Pre-Trial/Settlement Conferences**</u>

At any time, any party may call the Judge's Staff to request a conference, or the Court may sua sponte schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in November 2017.**

**VI.**    <u>**Trial Date**</u>

The presumptive trial date is 20 months from the Anchor Date. The parties request a trial date in January 2019. The trial is by jury and is anticipated to take 5 days.

**VII.**    <u>**Referral to Magistrate Judge**</u>

At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

**VIII.** <u>Required Pre-Trial Preparation</u>

    A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

        2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.    Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a.    brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

            b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

        5.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

      6.      Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

    **B.**    **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

      1.      Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

      2.      If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

      3.      File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

      4.      Notify the Court and opposing counsel of requests for separation of witnesses at trial.

Respectfully Submitted,

Dated: October 12, 2017                   By: */s/ Douglas Masters*

| | |
|---|---|
| Douglas N. Masters | Amie Peele Carter (Atty. No. 19523-29A) |
| LOEB & LOEB LLP | Daniel E. Pulliam (Atty. No. 29439-49) |
| 321 North Clark Street, Suite 2300 | FAEGRE BAKER DANIELS LLP |
| Chicago, Illinois 60654 | 300 North Meridian Street, Suite 2700 |
| Tel: (312) 464-3100 | Indianapolis, Indiana 46204 |
| Fax: (312) 464-3111 | Tel: (317) 237-0300 |
| Email: dmasters@loeb.com | Fax: (317) 237-1000 |
| | Email: amie.peecarter@FaegreBD.com |
| | daniel.pulliam@FaegreBD.com |

*Attorneys for Plaintiff*
*National Collegiate Athletic Association*

James Papakirk
Hallie Schneider Borellis　　　　　　　　　　By: */s/ James Papakirk*
William S. Wyler
FLAGEL & PAPAKIRK LLC
50 E Business Way  Suite 410
Cincinnati, OH 45241
513 984-8111
jpapakirk@fp-legal.com
hborellis@fp-legal.com
wwyler@fp-legal.com

*Attorneys for Defendants*
*Kizzang, LLC and Robert Alexander*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (____) _____; |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

      Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

      **Approved and So Ordered.**

_____          _____
Date                                            U. S. District Court
                                                      Southern District of Indiana